# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

NATHAN ANDERSON, )
)
     Plaintiff, )
)  Cause No. 3:17-CV-491
vs. )
)
INDIANA STATE PRISON, et al., )
)
     Defendants. )

## OPINION AND ORDER

Plaintiff, Nathan Anderson, a *pro se* prisoner, filed a complaint against six defendants alleging they delayed providing him with medical treatment on June 10, 2013, while he was incarcerated at the Indiana State Prison. (DE 6.) Pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. However, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

According to the complaint, on June 10, 2013, Anderson started bleeding internally and urinating dark red blood. (DE 2 at 2.) He sought medical attention at that time, but was not provided with any until Dr. Thompson arranged for Anderson to be

1

taken to St. Anthony Hospital the next day, on June 11, 2013. (*Id.* at 2-3.) Anderson alleges the delay in treating his internal bleeding caused him injuries and likely was attempting to allege violation of his Eighth Amendment right to adequate medical care pursuant to Section 1983. (*See id.* at 2-4.)

Unfortunately, it is too late for Anderson to assert such a claim. He signed his complaint on May 31, 2017, nearly four years after his claim arose. (*Id.* at 5.) Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). Indiana's two-year limitations period applies to section 1983 claims. *Behavioral Inst., LLC v. Hobart Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, Anderson's federal claims are untimely.

Although it is usually necessary "to give *pro se* litigants one opportunity to amend after dismissing a complaint[,] . . . that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat'l Ass'n*, 633 F. App'x. 346, 348 (7th Cir. 2016) (internal quotation marks and citations omitted); *see also Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile[.]"). Here, Anderson brought his federal claims nearly two years after the statute of limitations expired, and no amendment could cure that defect.

Accordingly, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A,

**SO ORDERED.**

ENTERED: June 26, 2017.

                                       <u>s/ Philip P. Simon</u>
                                       JUDGE, UNITED STATES DISTRICT COURT